**Belay GEREYES, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NEW KNIGHT, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 2002.
Decided March 14, 2002.

---

Robert S. Waldman, Philadelphia, for petitioner.

Audrey E. Timm, Philadelphia, for respondent.

Before COLINS, President Judge, COHN, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY President Judge COLINS.

Belay Gereyes petitions for review of the Workers' Compensation Appeal Board order reversing the reinstatement of his full compensation benefits and award of penalties against New Knight, Inc. (Employer) for unilaterally reducing his benefits in violation of Section 413(b) of the Workers' Compensation Act (Act).[1]

Gereyes began receiving compensation pursuant to a notice of temporary compensation payable dated May 4, 1999 in connection with his tendonitis in both wrists; payments began as of April 11, 1999, the date on which Gereyes first incurred a wage loss. Gereyes returned to work with a wage loss sometime thereafter. On June 28, 1999, the Employer issued its last compensation check under the notice, covering the period from June 22 to 29, and on June 29, the Employer issued a notice stopping temporary compensation and a notice of compensation denial. The notice of compensation denial states that the Employer controverted the claim on the ground that "the employee is not disabled as a result of this injury within the meaning of the Workers' Compensation Act." [2] On October 6, 1999, Gereyes filed a penalty petition, alleging that the Employer violated Sections 406.1 and 413(b) [3] of the Act, 77 P.S. §§ 717.1 and 774.1, having illegally reduced and suspended the payment of compensation benefits.

The penalty petition was decided by a judge on the basis of Gereyes's deposition testimony and the deposition testimony of Tracy Faller, a claims adjuster for Travel-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 774.1, added by Section 3 of the Act of February 8, 1972, P.L. 25.

2. The employer placed an "x" next to this reason, No. 4, on the form notice.

3. Both of these sections were added by Section 3 of the Act of February 8, 1972, P.L. 25.

ers Insurance, the Employer's workers' compensation insurance carrier. Finding the testimony of both to be "generally credible," the judge concluded that the Employer violated the Act by issuing an illegal formal compensation denial with no valid reason in that it had no factual or medical evidence that as of June 29 Gereyes was not disabled and had in fact issued a check covering the period up to June 29, 1999. (Finding of Fact No. 13.) After concluding that the Employer could not stop or reduce compensation without providing "written notice to the Department and [Gereyes] within five (5) days after the last payment of compensation[,]" the judge found that the Employer had violated the Act by issuing the notice to stop temporary compensation more than five days after Gereyes's payments had been reduced and approximately a month after he stopped working. (Finding of Fact No. 13.) He further concluded that the temporary notice of compensation payable was converted to a notice of compensation payable pursuant to Section 406.1(6) of the Act, 77 P.S. § 717.1(6). Based on these findings and conclusions, the judge granted the penalty petition, ordering the reinstatement of Gereyes's benefits, and assessed a 20 percent penalty on all compensation payable to Gereyes after May 18, 1999. Gereyes and the Employer cross-appealed,[4] and the Board reversed. The Board concluded that the judge's relevant findings were not supported by substantial, competent evidence and that the judge misconstrued Section 406.1 of the Act.

On appeal to Commonwealth Court,[5] Gereyes argues that the Employer unlawfully reduced his compensation in violation of the temporary notice of compensation procedures as set forth in Section 406.1 and without an agreement in violation of Section 413(b); that as a matter of law the notice of temporary compensation payable converted to a notice of compensation payable; and that the Employer improperly issued a compensation denial when it effectively admitted liability when it proposed that he sign a supplemental agreement and voluntarily paid his partial disability benefits.

Section 406.1 of the act provides in pertinent part,

(a) The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407[77 P.S. § 731] or pursuant to a notice of temporary compensation payable as set forth in subsection (d), on forms prescribed by the department and furnished by the insurer....

(b) Payments of compensation pursuant to an agreement or notice of compensation payable may be suspended, terminated, reduced or otherwise modified by petition and subject to right of hearing as provided in section 413[77 P.S. §§ 771 to 714].

(c) If the insurer controverts the right to compensation it shall promptly notify the employe or his dependent, on a form prescribed by the department, stating the grounds upon which the right to compensation is controverted and shall

**4.** The basis of claimant's cross-appeal to the Board is not relevant to the present matter.

**5.** In workers' compensation cases, our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

forthwith furnish a copy or copies to the department.

(d)(1) In any instance where an employer is uncertain whether a claim is compensable under this act or is uncertain of the extent of its liability under this act, the employer may initiate compensation payments without prejudice and without admitting liability pursuant to a notice of temporary compensation payable as prescribed by the department.

(2) The notice of temporary compensation payable shall be sent to the claimant and a copy filed with the department.... The department shall, upon receipt of a notice of temporary compensation payable, send a notice to the claimant informing the claimant that:

. . . .

(ii) the payment of temporary compensation entitles the claimant to a maximum of ninety (90) days of compensation; and

. . . .

(4) Payments of temporary compensation may continue until such time as the employer decides to controvert the claim.

(5)(i) If the employer ceases making payments pursuant to a notice of temporary compensation payable, a notice in the form prescribed by the department shall be sent to the claimant and a copy filed with the department, but in no event shall this notice be sent or filed later than five (5) days after the last payment.

(ii) This notice shall advise the claimant, that if the employer is ceasing payment of temporary compensation, that the payment of temporary compensation was not an admission of liability of the employer with respect to the injury subject to the notice of temporary compensation payable, and the employe must file a claim to establish the liability of the employer.

(iii) If the employer ceases making payments pursuant to a notice of temporary compensation payable after complying with this clause, the employer and employe retain all the rights, defenses and obligations with regard to the claim subject to the notice of temporary compensation payable, and the payment of temporary compensation may not be used to support a claim for compensation.

. . . .

(6) If the employer does not file a notice under paragraph (5) within the ninety-day period during which temporary compensation is paid or payable, the employer shall be deemed to have admitted liability and the notice of temporary compensation payable shall be converted to a notice of compensation payable.

77 P.S. 717.1

■ The record establishes the undisputed facts that the Employer paid Gereyes temporary compensation pursuant to a notice of temporary compensation payable from April 11, 1999 until June 29, 1999. The Employer then decided to controvert the claim, and on June 29, 1999, it sent Gereyes a notice stopping temporary compensation within five days after the last payment and within the ninety-day period during which temporary compensation was payable in conformance with the requirements of subsection (d)(5) and (6) as quoted above. Also on June 29, 1999, the Employer sent Gereyes a notice of compensation denial, stating the grounds upon which the claim was controverted in conformance with subsection (5) as quoted above. Because the Employer complied with the requirements of subsection (d)(5)

and (6), the judge's conclusions that the Employer failed to properly issue its notice of stopping temporary compensation and notice of compensation denial are in error. In stopping temporary compensation and denying liability, the Employer complied with the statute, and the notice of temporary compensation payable was not converted to a notice of compensation payable.

 As for the Employer's reduction of Gereyes's benefits, the judge did not err in concluding that the Employer's action violated the Act. The 1993 amendments to the Act added subsection (d) to give an employer the option of issuing a notice of temporary compensation payable when it needs more than twenty-one days in order to investigate a claim and determine its position with regard to the claim's compensability. Although an employer may controvert the claim at any time after issuing the notice of temporary compensation payable,[6] the employee is entitled to a maximum of 90 days of temporary compensation at the rate fixed in the notice until such time as the employer issues timely notices of stopping compensation and compensation denial as set forth in subsection (d)(5) and (6).[7] The Employer violated the Act when it reduced the amount of compensation paid pursuant to the temporary notice of compensation payable even though Gereyes returned to work and at that point suffered only a partial wage loss.

 Section 435 of the Act[8] permits a judge to award a penalty when it is apparent that an employer and/or insurer has violated the workers' compensation statute or regulations. 77 P.S. § 991. It is within the judge's sound discretion whether to impose a penalty on an employer. *Musko v. Workers' Compensation Appeal Board (Calgon Carbon Corporation)*, 729 A.2d 657 (Pa.Cmwlth.1999). The Act permits a maximum penalty of 10 percent of the amount of the award and interest except in cases of unreasonable or excessive delay, in which the penalty may be increased to 50 percent. Section 435(d)(i), 77 P.S. § 991(d)(i).

Accordingly, the Board's order is affirmed with respect to its reversal of the judge's reinstatement of compensation benefits and reversed with respect to its reversal of the award of penalties. This matter is remanded for calculation of penalties consistent with this opinion.

### ORDER

AND NOW, this 14th day of March 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed in part and reversed in part. The order is affirmed with respect to its reversal of the judge's reinstatement of compensation benefits and reversed with respect to its reversal of the award of penalties. This matter is remanded for calculation of penalties consistent with this opinion.

Jurisdiction is relinquished.

6. Section 406.1(c)(4) of the Act, 77 P.S. § 717.1(c)(4).

7. The Employer's unilateral reduction of Gereyes benefits was not an improper suspension of payments in violation of Section 413(b) of the Act, 77 P.S. § 774, because only payments of compensation made pursuant to an agreement or notice of compensation payable may be modified by petition. Section 406.1(b) of the Act, 77 P.S. § 717.1(b).

8. Added by Section 3 of the Act of February 8, 1972, P.L. 25.