John A. GALIZIA, Petitioner

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (WOODLOCH PINES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 29, 2007.
Decided Sept. 24, 2007.

Kurt J. Kwak, Wilkes–Barre, for petitioner.

Michael E. McGrath, Scranton, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

John Galizia (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) who denied Claimant's reinstatement, review, and penalty petitions.

Claimant alleged that he sustained a right knee injury on November 30, 2002, while employed by Woodloch Pines, Inc. (Employer). He continued working for approximately five weeks until January 6, 2003.

On or about February 6, 2003, Employer issued a notice of temporary compensation payable (NTCP) based on Claimant's alleged work injury. Pursuant to the NTCP, payments commenced January 31, 2003. It was also noted that "[m]edical documentation supports disability effective 1/31/03." NTCP, February 6, 2003, at 1; Reproduced Record (R.R) at RR75.

On April 28, 2003, Employer filed a notice stopping temporary compensation (NSTC) which set forth Employer's decision not to accept liability. Additionally, Employer filed a notice of workers' compensation denial (NCD) and stated that "[t]reating physician has not responded to causality questions. No medical opinion that diagnosis, condition and/or disability is related to a work incident. Record Review opines that condition/treatment is not related to work incident." NCD, April 28, 2003, at 1; R.R. at RR77.

On or about June 11, 2003, Claimant petitioned for penalties and specifically alleged that he "seeks a 50% penalty and/or any other remedy deemed appropriate by the Workers' Compensation Judge for employer's unilateral suspension of benefits without an authorized triggering event under the [Workers' Compensation] Act occuring [sic]." Petition for Penalties, June 11, 2003, at 2.

At the same time, Claimant petitioned to reinstate benefits as of April 28, 2003, the "date the employer knowingly and willfully stopped the Claimant's benefits without an authorized triggering event under the [Workers' Compensation] Act occuring [sic]. . . ." Petition to Reinstate Compensation Benefits, June 11, 2003, at 1 & 3.

Also on June 11, 2003, Claimant petitioned to review compensation benefits and alleged:

Claimant seeks a review of the Bureau documents that have been and/or should have been filed by the Employer under the terms and provisions of the [Workers' Compensation] Act to determine what the appropriate controlling documents is [sic] in his case at this time for the following reasons:

. . . .

6. In conjunction with the above, Claimant seeks a judicial determination that:

1. The Notice of Temporary Compensation Payable issued by the insurer converted to a Notice of Compensation Payable by operation of law on or about April 6, 2003.

2. The Notice stopping Temporary Compensation and Notice of Denial issued by the insurer dated April 28, 2003 were untimely filed beyond the 90 day period, therefore, are invalid as a matter of law.

3. The controlling Bureau document in the case is a Notice of Compensation Payable, therefore, the insurer unilaterally suspended benefits on April 28, 2003 without a triggering event occurring under the [Workers' Compensation] Act authorizing the suspension of benefits.

Petition to Review Compensation Benefits, June 11, 2003, at 1 & 3.

On August 4, 2003, the WCJ held a hearing. Claimant's counsel stated that the ninety-day period began to run on January 6, 2003, the date he first retroactively received benefits. Employer's counsel argued that the ninety-day period began when the NTCP was issued, on or about February 6, 2003.

The WCJ made the following findings of fact and conclusion of law:

1. The sum and substance of all three petitions is that the employer/insurer did not properly stop claimant's workers' compensation payments pursuant to the timely issuance of a Notice stopping claimant's temporary compensation payable. The Notice of Temporary Compensation Payable in this case was issued on February 6, 2003. The Notice stated that payments began on January 31, 2003 and that the 90–day period would end on April 30, 2003.

2. A Notice Stopping Temporary Compensation Payable and a Denial of Workers' Compensation Benefits was [sic] issued on April 29, 2003 and claimant's workers' compensation benefits were stopped pursuant to that Notice as of April 29, 2003.

3. The Notice Stopping Temporary Compensation Payable was issued within the 90–day period set forth on the· Notice of Temporary Compensation Payable.

WCJ's Decision, September 4, 2003, Findings of Fact Nos. 1–3 at 1; R.R. at RR25.

Claimant appealed to the Board which affirmed. Claimant petitioned for review with this Court and contended that 1) the WCJ and the Board misconstrued Section 406.1(d)(6) of the Workers' Compensation Act [1] (Act) when they determined that the ninety-day period, within which Employer had to file notices to avoid automatic conversion of the NTCP to a notice of compensation payable, began on the date of issuance of the NTCP and/or first check rather than the date of disability; 2) the Board improperly concluded that the WCJ did not violate Claimant's due process rights; and 3) a remand was warranted to

---

1. Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1(d)(6).

allow the parties to present after-discovered evidence.

This Court vacated and remanded to the Board "with instructions to remand to the WCJ to establish the trigger date when 'temporary compensation is paid or payable,' either January 6, 2003, or January 31, 2003. The WCJ, if necessary, shall conduct a hearing to elicit the necessary facts. In addition, the WCJ shall address the issue of after-discovered evidence involving a payment history record Claimant received from NorGuard Insurance." *Galizia v. Workers' Compensation Appeal Board (Woodloch Pines, Inc.)*, No. 1891 C.D.2004 (Filed March 15, 2005) at 8; R.R. at RR41.

On remand, the WCJ conducted a hearing on July 6, 2005. The parties presented a stipulation of facts which stated that Employer's insurer, NorGuard, issued the first installment check dated February 10, 2003, to cover the period from January 31, 2003, through February 13, 2003, and that NorGuard issued a check dated March 19, 2003, to cover the period from January 6, 2003, through January 30, 2003. NorGuard also issued checks to cover the period from February 14, 2003, through April 28, 2003.

The WCJ denied Claimant's petitions and made the following findings of fact:

9. . . . . The precise issue therefore before this Judge today is whether the 90 day period began on January 31, 2003 as provided in the Notice of Temporary Compensation Payable, or if it actually began to run on January 6, 2003, the date claimant maintains is his first date of disability.

. . . .

13. After having considered the evidence of record and the remand order of the Appeal Board with respect to the well reasoned arguments of both parties herein, this Judge finds that the actual trigger date when temporary compensation is paid or payable is in fact January 31, 2003 and the Notice Stopping Temporary Compensation Payable was filed on April 28, 2003, and is therefore timely within the Provisions of the Act. The claimant's various petitions herein, reinstatement/review and penalty shall therefore all be denied and dismissed. Nevertheless, the claimant is not out of Court and may proceed accordingly with the filing of a Claim Petition.

14. In reaching the above finding, a strict scrutiny of Section 717.1 [Section 406.1 of the Act, 77 P.S. § 717.1] of the Act is necessary. The statute clearly says a claimant is entitled to receive payment of temporary compensation for a maximum of 90 days. While the stipulation herein does acknowledge claimant stopped working on January 6, 2003, nevertheless, the stipulation also provides the first installment check issued by NorGuard was dated February 10, 2003 and covered the period from January 31, 2003 to and including February 13, 2003 inclusive. For the period from January 6, 2003 through January 30, 2003, NorGuard issued a check dated March 19, 2003.

Moreover, the actual Notice of Temporary Compensation Payable is dated February 6, 2003. The same indicates that payment of benefits began on January 31, 2003. Relying on the applicable statute set forth above, the same allows for the finding to be made that the Notice of Temporary Compensation Payable issued on February 6, 2003, stating that payments began on January 31, 2003—as they did—and the 90 day period ends on April 30, 2003. The Notice Stopping Temporary Compensation Payable and a Denial being issued on April 29, 2003, the same was therefore

within the 90 day period and was timely filed.

As the defendant [Employer] points out within its Brief the finding above is most logical and consistent with the statute. If the claimant's argument were accepted and found to be the law with respect to the beginning date triggering the 90 days, a scenario could occur where an employer would get documentation of a disability entitling claimant to payment of benefits under a temporary notice of compensation payable for more than 90 days preceding the issuance of the temporary notice of compensation payable. Using claimant's argument therefore, if the 90 days begins on the date of disability, at the time of the Notice of Temporary Compensation Payable was issued the employer would have already missed their window to file the Notice Stopping Temporary Compensation. This finding this Judge believes is consistent with the original purpose behind the Temporary Notice of Compensation Payable which created a vehicle for allowing an employer to investigate a claim for up to 90 days without admitting liability and in the interim paying compensation to an injured worker.

WCJ's Decision, December 20, 2005, Findings of Fact Nos. 9, 13–14 at 2–5; R.R. at RR63–RR66.

Claimant appealed to the Board which affirmed.

Claimant contends that when temporary total disability benefits are paid under the NTCP in a lump sum installment payment retroactive to the first day of disability the ninety-day period that compensation is "paid or payable" under a NTCP pursuant to Section 406.1 of the Act, 77 P.S. § 717.1,

begins on the first compensable day of disability. Claimant also contends that substantial evidence of record does not support the Board's ruling that the first day of temporary total disability benefits included in the first installment check payment was the correct trigger date for the ninety-day period when it was undisputed that temporary total disability benefits were paid under the NTCP in an installment payment made after the first installment check. Claimant also contends that in addition to a reinstatement of benefits he is entitled to an award of penalties, attorney's fees, and costs.[2]

### I. Applicable Starting Date.

Initially, Claimant contends that the first day of disability, January 6, 2003, was the first day of the ninety-day period applicable under the TNCP. Claimant asserts that the ninety-day period for temporary compensation under Section 406.1(d) of the Act, 77 P.S. § 717.1(d), is based on the same controlling triggering act or event as the twenty-one day period under Section 406.1(a) of the Act, 77 P.S. § 717.1(a).

#### A. Applicable Sections of the Act.

Section 406.1(a) of the Act, 77 P.S. § 717.1(a), provides:

The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable as provided in section 407 or pursuant to a notice of temporary compensation payable as set forth in subsection (d), on forms prescribed by the department and fur-

**2.** This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation),* 139 Pa.Cmwlth. 15, 589 A.2d 291 (1991).

nished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum. Any payment of compensation prior or subsequent to an agreement or notice of compensation payable or a notice of temporary compensation payable or greater in amount than provided therein shall, to the extent of the amount of such payment or payments, discharge the liability of the employer with respect to such case.

Section 406.1(d) of the Act, 77 P.S. § 717.1(d), provides:

(1) In any instance where an employer is uncertain whether a claim is compensable under this act or is uncertain of the extent of its liability under this act, the employer may initiate compensation payments without prejudice and without admitting liability pursuant to a notice of temporary compensation payable as prescribed by the department.

(2) The notice of temporary compensation payable shall be sent to the claimant and a copy filed with the department and shall notify the claimant that the payment of temporary compensation is not an admission of liability of the employer with respect to the injury which is the subject of the notice of temporary compensation payable. The department shall, upon receipt of a notice of temporary compensation payable, send a notice to the claimant informing the claimant that:

(i) the payment of temporary compensation and the claimant's acceptance of that compensation does not mean the claimant's employer is accepting responsibility for the injury or that a compensation claim has been filed or commenced;

(ii) the payment of temporary compensation entitles the claimant to a maximum of ninety (90) days of compensation; and

(iii) the claimant may need to file a claim petition in a timely fashion under Section 315, enter into an agreement with his employer or receive a notice of compensation payable from his employer to ensure continuation of compensation payments.

(3) Payments of temporary compensation shall commence and the notice of temporary compensation payable shall be sent within the time set forth in clause (a).

(4) Payments of temporary compensation may continue until such time as the employer decides to controvert the claim.

(5)(i) If the employer ceases making payments pursuant to a notice of temporary compensation, a notice in the form prescribed by the department shall be sent to the claimant and a copy filed with the department, but in no event shall this notice be sent or filed later than five (5) days after the last payment.

(ii) This notice shall advise the claimant, that if the employer is ceasing payment of temporary compensation, that the payment of temporary compensation was not an admission of liability of the employer with respect to the injury subject to the notice of temporary compensation payable, and the employe must file a claim to establish the liability of the employer.

(iii) If the employer ceases making payments pursuant to a notice of temporary compensation payable, after complying with this clause, the employer and employe retain all the rights, defenses, and obligations with regard to the claim sub-

ject to the notice of temporary compensation payable, and the payment of temporary compensation may not be used to support a claim for compensation.

(iv) Payment of temporary compensation shall be considered compensation for purposes of tolling the statute of limitations under section 315.

(6) If the employer does not file a notice under paragraph (5) within the ninety-day period during which temporary compensation is paid or payable, the employer shall be deemed to have admitted liability and the notice of temporary compensation payable shall be converted to a notice of compensation payable.

### B. Whether Act is Clear and Unambiguous as to Trigger Date.

Claimant asserts that an injured worker has the right to be paid wage loss benefits beginning on the first day of disability/loss of earning power if he gives timely notice of the disability to his employer because compensation is payable effective as of the first day as a matter of law. The payment of disability benefits must be made, retroactive to the first day of disability, after timely notice or knowledge (within twenty-one days) of Claimant's disability. Claimant further asserts that Section 406.1(a) of the Act, 77 P.S. § 717.1(a), outlines a single triggering event for the maximum receipt of ninety days of temporary compensation. Claimant reasons that if the injured worker gives notice within twenty-one days, then the ninety-day period under Section 406.1(d)(6) of the Act, 77 P.S. § 717.1(d)(6), begins retroactive to the first day of disability. Succinctly, Claimant persuasively asserts that the words "paid" and "payable" in Section 406.1(d)(6) of the Act, 77 P.S.

§ 717.1(d)(6), plainly, clearly, and unambiguously refer to Claimant's first day of disability as the triggering date of the ninety-day period for temporary compensation benefits pursuant to an NTCP.

Further, this Court agrees with Claimant that the Act is unambiguous. Section 406.1(d)(2)(ii) of the Act, 77 P.S. § 717.1(d)(2)(ii), is key. It simply provides that a claimant is entitled to a maximum of ninety days of compensation. Section 406.1(d)(6) of the Act, 77 P.S. § 717.1(d)(6), provides that if the employer does not file a notice stopping temporary compensation payable within the ninety day period for which temporary compensation is paid or payable, the employer shall be deemed to have admitted liability and the notice of temporary compensation payable shall be converted to a notice of compensation payable.

Undeniably, the first day for which Claimant received compensation was January 6, 2003, his first day of disability. While he did not actually receive payment on that date, he was entitled to receive benefits as of that date and benefits were "payable" and paid to him commencing that day. Under the Act, Employer could pay Claimant up to ninety days of temporary compensation while it investigated the circumstances of Claimant's disability and injury.

 Section 406.1(d)(6) dictates that if an employer does not file the NSTC within the ninety day period allowed for such compensation the temporary compensation payable converts to a notice of compensation payable. Under the plain language of the Act[3], Employer had to issue a NSTC within the ninety-day period. Because Claimant received benefits effective January 6, 2003, going forward, Employer had

---

**3.** Section 1921 of the Statutory Construction Act, 1 Pa.C.S. § 1921, provides in pertinent part:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assem-

to issue the NSTC within ninety days of January 6, 2003. Employer did not attempt to controvert the NTCP until April 29, 2003, well beyond the ninety-day period.[4]

To accept Employer's interpretation would allow an employer to provide temporary compensation in excess of ninety days, an interpretation clearly not in line with the plain language of the Act. The Board erred when it affirmed the WCJ's determination that Employer timely issued the NSTC and NCD. Claimant is entitled to a reinstatement of his compensation benefits from April 29, 2003, forward because Employer was deemed to have admitted liability and the NTCP was converted to a notice of compensation payable.[5] *See* Section 406.1(d)(6) of the Act, 77 P.S. § 717.1(d)(6).

## II. Reasonable Contest.

In addition to the reinstatement of benefits, Claimant seeks attorney fees for an unreasonable contest.

Section 440(a) of the Act, 77 P.S. § 996(a)[6], provides:

In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe .... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, that cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

▆▆▆▆ An employer's contest is reasonable if the contest was brought to resolve a

---

bly. Every statute shall be construed, if possible, to give effect to all its provisions. (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

4. In *Hurst v. Workers' Compensation Appeal Board (Preston Trucking Company)*, 823 A.2d 1052 (Pa.Cmwlth.2003), Floyd Hurst was disabled on July 18, 1998. His employer, Preston Trucking Company (Preston), issued an NTCP on July 29, 1998, and stated that payments began on July 18, 1998, and would continue for ninety days ending on October 18, 1998. Preston issued an NTSC on October 15, 1998. In *Hurst*, the ninety-day time period was triggered precisely as Claimant argues it should be. This Court recognizes that the triggering date was not at issue in *Hurst*, but it is relevant insofar as the parties there accepted Claimant's interpretation.

5. Claimant also asserts that the WCJ's determination that the first day of temporary total disability benefits included in the first installment check is the correct triggering date for

the ninety day period was not supported by substantial evidence. On remand, the WCJ found that the first installment check issued by NorGuard was dated February 10, 2003, and covered the period from January 31, 2003, up to and including February 13, 2003. While the WCJ also found that a check to cover temporary total disability benefits from January 6, 2003, through January 30, 2003, was issued on March 19, 2003, the WCJ did not find that significant in terms of the ninety-day period for the trigger date and instead found that January 31, 2003, triggered the commencement of the ninety-day period. Perhaps the WCJ assumed that because the check for the earlier period was not issued until over a month after the initial check, Claimant's initial medical documentation did not indicate that Claimant was disabled on January 6, 2003. If so, there is nothing in the record to support such a supposition. This Court agrees with Claimant that the WCJ's finding as to the trigger date was not supported by substantial evidence.

6. This Section was added by the Act of February 8, 1972, P.L. 25.

genuinely disputed issue, not merely to harass the claimant. *Dworek v. Workmen's Compensation Appeal Board (Ragnar Benson, Inc.),* 166 Pa.Cmwlth.512, 646 A.2d 713 (1994). The imposition of attorney fees is a question of law reviewable by the Board and this Court. *McGoldrick v. Workmen's Compensation Appeal Board (Acme Markets, Inc.),* 142 Pa.Cmwlth.558, 597 A.2d 1254 (1991).

█ This Court does not agree with Claimant that Employer's contest was unreasonable. The issue presented was an issue of first impression and there is no indication that Employer pursued the contest to harass Claimant. Indeed, Claimant's position is belied by the fact the Employer was successful before the WCJ and the Board.

### III. Penalty Petition.

Finally, Claimant contends that he is entitled to an award of penalties under the Act because Employer ignored the instruction in LIBC 501 that the ninety-day period begins on the first day of disability and misrepresented on the NTCP that January 31, 2003, was the first date of disability. As a result, Claimant asserts that Employer violated the Act when it stopped the payment of benefits after the ninety-day period of temporary compensation had expired.

█ Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i), provides that a penalty of up to fifty percent of the compensation due may be assessed against an employer if there has been a violation of the Act or its regulations. The WCJ has the discretion to determine whether a penalty should be imposed and the amount of the penalty. *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police),* 756 A.2d 1209 (Pa.Cmwlth.2000). The assessment of penalties as well as the amount of the penalties imposed is discretionary. A determination that an employer violated the Act does not require an assessment of penalties. *Jordan v. Workers' Compensation Appeal Board (Philadelphia Newspapers, Inc.),* 921 A.2d 27 (Pa.Cmwlth.2007). Whether or not the employer's contest of the penalty petition is reasonable does not determine whether penalties should be awarded. Similarly, a determination that a violation of the Act occurred does not mean that a contest was per se unreasonable. *Jordan.*

█ Employer technically violated the Act when it unilaterally ceased payment of benefits after issuing an untimely NSTC and NCD. While this may be understandable given the nuances in the Act, this Court must remand to the Board with instructions to remand to the WCJ for a determination of penalties, if any.

Accordingly, this Court reverses in part with respect to Claimant's reinstatement and review petitions, affirms in part with respect to the denial of attorney fees for unreasonable contest, and vacates and remands this case with respect to the penalty petition.

### *ORDER*

AND NOW, this 24th day of September, 2007, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed in part, affirmed in part, and vacated and remanded in part. The Workers' Compensation Appeal Board's affirmance of the denial of the reinstatement and review petitions of John A. Galizia is reversed. The Workers' Compensation Appeal Board's affirmance of the denial of attorney fees for an unreasonable contest is affirmed. The Workers' Compensation Appeal Board's affirmance of the denial of the penalty petition is

vacated and this case is remanded for proceedings consistent with this opinion.