**Sharon M. GEIGER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CIRCLE FINE ART CORP., and Aetna Casualty & Surety), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 10, 1994.

Decided Dec. 23, 1994.

Timothy Finnerty, for petitioner.

Stewart A. Karn, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

PELLEGRINI, Judge.

Sharon M. Geiger (Claimant) appeals an order of the Workmen's Compensation Appeal Board reversing the Referee's award of penalties against Circle Fine Art Corporation (Employer) for failure to make timely payment of workmen's compensation benefits.[1]

Claimant was employed as the Director of Galleries by Employer. On February 2, 1991, she injured her back at work and filed a claim petition which Employer opposed. On June 28, 1991, Dr. Joseph P. Mulvihill, Claimant's treating chiropractor, submitted a written report diagnosing her as disabled as a result of the work-related injury. Dr. Mulvihill was deposed on January 3, 1992. On September 3, 1991, Claimant returned to light-duty work at a higher rate of pay with another employer. On November 21, 1991, Claimant was examined by Dr. Roy Temeles at Employer's request. Dr. Temeles was deposed on July 7, 1992, and testified that in his opinion, Claimant suffered a lumbar strain or sprain at the time of injury. Dr. Temeles further testified that at the time of his examination, Claimant had recovered and could return to work without restriction. Employer continued to contest Claimant's claim petition. Subsequently, Claimant filed a penalty petition contending that Employer had violated the Act by failing to promptly investigate her injury.

After hearing all of the evidence, the Referee awarded compensation as of February 12, 1991, suspended benefits as of September 8, 1991, the date Claimant returned to work, and terminated benefits as of November 21, 1991, the date of Dr. Temeles' examination of Claimant. In addition, the Referee found that Employer's contest was unreasonable and awarded Claimant counsel fees. She also awarded Claimant a penalty of 20% of compensation, unpaid medical bills and interest, finding Employer had violated the Act by failing to make timely payment of benefits after Dr. Temeles' testimony in July of 1992.

■ Employer appealed to the Board which affirmed in part and reversed in part. The Board affirmed the award of compensation and the finding that Employer's contest was unreasonable warranting an award of counsel fees. However, the Board found Employer's unreasonable contest did not violate the Act and reversed the award of penalties. Claimant appealed the reversal of the award of penalties but Employer did not appeal the award of compensation and finding of unreasonable contest.[2]

Claimant contends that Employer failed to timely investigate her injury, violating the Act and justifying the Referee's award of penalties.[3] She contends that Employer's examination of her in November of 1991, five months after her doctor's report was submitted in June of 1991, constitutes an untimely investigation in violation of Section 406.1(a) of the Act, 77 P.S. § 717.1(a).[4] For its part,

1. The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. Our standard of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Haines v. Workmen's Compensation Appeal Board (Clearfield County),* 146 Pa.Commonwealth Ct. 437, 606 A.2d 571 (1992).

3. Section 435(d)(i) of the Act, 77 P.S. 991(d)(i), provides:

> (d) the *department, the board, or any court* which may hear proceedings brought under this act shall have the power to impose penalties as provided herein for violations of provisions of his act or such rules and regulations or rules of procedure:

> (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

> \* \* \* \* \* \*

4. Section 406.1(a) provides:

> The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407 or pursuant to

Employer contends that it did not violate the Act because it was under no obligation to investigate until it received a 'sworn statement' from Claimant's doctor that her injury was work-related. According to Employer, in this case, it was under no such obligation until April 13, 1992, the date when Dr. Mulvihill's January 3, 1992 deposition was admitted into evidence.

■ "No penalty may be imposed under [Section 435(d)(i) ] absent proof of a violation of the Act or of the rules of the department or board." *Spangler v. Workmen's Compensation Appeal Board (Ford),* 145 Pa.Commonwealth Ct. 56, 60, 602 A.2d 446, 448 (1992). While a finding of unreasonable contest is not in itself a violation of the Act, an employer's failure to promptly investigate an injury constitutes a violation of the Act that warrants a referee imposing a penalty. *Id.* Even though what constitutes a "prompt investigation" is not defined in the Act, fulfilling this mandate requires an employer to do more than wait for the employee to submit a deposition from his or her doctor.[5]

In *Spangler,* the claimant was injured in August of 1988. She filed a claim petition which the employer denied. In November of 1988, the claimant's doctor sent the employer a medical report stating that she had suffered a herniated disc. The employer then had the claimant examined in February of 1989, five months after the injury and three months after receipt of the claimant's doctor's report. We affirmed the referee's finding that the employer failed to promptly investigate, that contesting a claim did not relieve the employer of its duty to do so, and affirmed the award of a 10% penalty for failure to pay compensation when due.

■ Section 406.1 of the Act requires an employer to take some affirmative action to investigate a reported work-related injury within a reasonable time period. Here, Employer took no affirmative action until it had Claimant examined nine months after it was notified of her claim that she had suffered a work-related injury and five months after receiving her doctor's report. Nothing in the Act requires, as Employer contends, that the investigation of the injury need only occur after it receives a 'sworn statement' from a physician that the injury was work-related. As such, the delay in this case was not reasonable and constitutes a failure to promptly investigate in violation of the Act.

Accordingly, the order of the Board regarding the award of penalties for delay in payment is reversed.

### ORDER

AND NOW, this 23rd day of December, 1994, the order of the Workmen's Compensation Appeal Board dated March 23, 1994, and amended May 9, 1994, No. A93–0527, is reversed.

---

a notice of temporary compensation payable as set forth in subsection (d).... The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. (Footnote omitted.)

    *     *     *     *     *     *

5. In *Kohler v. McCory Stores,* 532 Pa. 130, 135 n. 2, 615 A.2d 27, 29 n. 2 (1992), our Supreme Court noted that the employee has an initial obligation to notify the employer of his or her injury only. Once an employer has notice of an injury, from the employee or otherwise, as part of its obligation to investigate, it may require the employee to furnish further information. Thus, if not required by the employer, an employee need not submit any statement from a doctor sworn or unsworn.