# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodger Williams,                 :
              Petitioner   :
                           :
        v.               :    No. 867 C.D. 2018
                           :    Submitted: October 12, 2018
Workers' Compensation Appeal   :
Board (Liberty Coating Company,  :
LLC),                      :
            Respondent  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: January 18, 2019**

In this procedurally unusual appeal, Rodger Williams (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed an order of a workers' compensation judge (WCJ). The WCJ granted Claimant's penalty petition and awarded him a 50% penalty on the basis that Liberty Coating Co., LLC (Employer) violated the provisions of the Workers' Compensation Act[1] (Act) by failing to pay for all prescription medication provided for treatment of Claimant's work injury. The Board also reversed the WCJ's award of unreasonable contest attorney fees. For the reasons that follow, we affirm the Board's determination that Employer was denied a fair process before the WCJ, requiring a reversal of the penalty award and unreasonable contest attorney fee award. In addition, we remand to the Board for remand to a WCJ for further proceedings. We disapprove of the Board's determination to the extent it opined

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1041.1, 2501-2708.

that a penalty petition was not the correct procedure to resolve questions about payment for pharmacy bills.

## I. Background

In August 2005, Claimant sustained a number of very serious injuries when struck by lightning during the course of employment. The parties resolved the claim petition by a stipulation that described Claimant's injuries as "left elbow, brachial plexopathy on the left, cervical strain and sprain and lumbosacral sprain and strain." See Reproduced Record (R.R.) at 4a. The parties also stipulated that Claimant was entitled to ongoing temporary total disability payments. Id.

In February 2017, Claimant filed a penalty petition alleging unpaid pharmacy bills. On February 27, 2017, the WCJ held a hearing on the petition. At the hearing, which according to the transcript lasted about one minute, the WCJ directed the parties to submit briefs and evidence within three months through the Workers' Compensation Automation and Integration System (WCAIS) by May 27, 2017. WCJ Op., 8/16/17, Finding of Fact (F.F.) No. 4. Specifically, the WCJ stated (with emphasis added):

> This is a penalty petition. I put in for a recent hearing on May 27, 2017, at which time the record will close, unless seven days prior to that I get a written request for an extension of time for good cause that I find acceptable. I caution the parties, get your evidence submitted into [WCAIS] by that time. Anything submitted after that date will be deleted from the system. And it's all about medical bills unpaid.

2

Certified Record (C.R.), WCJ's Hr'g, Notes of Testimony (N.T.), 2/27/17, at 5. No more hearings were held in this case.

Employer submitted a brief on May 30, 2017, the first business day following the Memorial Day holiday weekend. F.F. No. 5.

On June 2, 2017, three days after the deadline, Claimant submitted a brief and two exhibits (Exhibits C-1 and C-2). F.F. No. 6. Claimant's Exhibit C-1 included a November 2016 Utilization Review (UR) Determination stating that prospectively from September 30, 2016, Claimant's reasonable and necessary care included a prescription from his treating physician, Dr. John Eshelman (Claimant's Physician), for Percocet four times daily. F.F. No. 8. Confusion about this unappealed 2016 UR Determination, which was submitted by the burdened party after the record closed and after Employer timely submitted its brief, is key to the current controversy.

Claimant's Exhibit C-2 consisted of reimbursement worksheets from Injured Workers' Pharmacy, LLC (Pharmacy), which showed an outstanding balance of $26,215.60 for Claimant's medication. Pharmacy's worksheets indicated a Percocet prescription for 240 pills every 30 days, double the quantity approved in the 2016 UR Determination. F.F. Nos. 10, 11. Pharmacy's reimbursement worksheets show Claimant's Physician's Percocet prescription for 240 pills per month beginning in January 2013. R.R. at 41a.

3

In his late-filed brief to the WCJ, Claimant argued that Employer could not rely on the 2016 UR Determination to refuse payment for the extra Percocet pills. R.R. at 33a. Claimant argued that "the amount of pills currently being prescribed by [Claimant's Physician] has increased from 120 to 240 pills since the prior Utilization Review Determination," but that Employer failed to challenge the increase. Id. In addition, Claimant argued that "Employer fails to appreciate that the increase in the amount of Percocet being prescribed was never subject to a Utilization Review." R.R. at 34a. Unfortunately, there is no basis in the record for Claimant's "recent increase" assertion to the WCJ; indeed, Claimant currently offers a different explanation for the discrepancy. Nevertheless, the WCJ accepted the "recent increase" assertion, and he ultimately included it as part of his fact-finding. F.F. No. 11.

The same day as Claimant filed his brief and evidence via WCAIS, Employer responded with an objection alleging Claimant submitted exhibits into the record after the WCJ indicated he would close the record. R.R. at 65a-66a. As for prejudice, Employer argued that Claimant's counsel "has had ample opportunity to provide [E]mployer with [his] proposed exhibits in advance of the briefing deadline but has failed to do so, making it impossible for Employer to review the proposed exhibit, or even address it in its brief." R.R. at 25a. Therefore, Employer requested that the WCJ delete and not consider Claimant's exhibits. Id.

Shortly thereafter, the WCJ overruled Employer's objection, without any explanation. F.F. No. 7; R.R. at 67a (denial letter).

4

Ultimately, the WCJ granted Claimant's penalty petition. The WCJ noted the 2016 UR Determination finding the Percocet prescription for 120 pills per month reasonable and necessary. F.F. No. 8. The WCJ further noted that no party appealed the UR Determination. F.F. No. 9.

However, the WCJ found that Claimant's Percocet prescription increased from 120 to 240 pills for a 30-day period. F.F. No. 11. The WCJ also found that Employer did not challenge the increased change in quantity with either a fee review petition or UR Request. Id. Therefore, the WCJ determined Employer violated the provisions of the Act by failing to pay for the prescription medication provided for the treatment of Claimant's 2005 work injury. F.F. No. 12; Conclusion of Law (C.L.) No. 3. The WCJ also assessed a 50% penalty on all delayed and unpaid medical expenses based on the $26,215.60 amount. F.F. No. 12; C.L. No. 3.

In addition, the WCJ determined Employer did not have a reasonable basis to contest Claimant's penalty petition. F.F. No. 14; C.L. No. 5. Noting that Claimant's attorney expended reasonable legal time to gather evidence, appear at the hearing and submit a brief, the WCJ awarded Claimant a 20% *quantum meruit* attorney fee, in addition to the assessed penalty, to be calculated on the outstanding balance of $26,215.60. F.F. No. 14; C.L. No. 5.

On appeal, the Board reversed the WCJ's grant of the penalty petition and award of unreasonable contest attorney fees. In so doing, the Board noted the WCJ accepted critical evidence after the record closed without providing Employer a reasonable opportunity to defend against it. See Bd. Op., 5/30/18, at 5. The Board

5

further determined the WCJ erred in granting the penalty petition because the appropriate remedy for a provider disputing the amount of payment would be a fee review petition by the provider. Id. at 5-6.

Having reversed the WCJ's grant of the penalty petition, the Board also reversed the award of unreasonable contest attorney fees. Claimant petitions for review.[2]

## II. Issues

Claimant presents three issues for our review. First, Claimant contends the Board erred in reversing the WCJ's grant of the penalty petition on the ground that the WCJ's decision was not well reasoned. Second, Claimant asserts the Board erred in determining the appropriate remedy for the underlying wrong would have been a fee review petition by the provider, Pharmacy, rather than a penalty petition. Third, Claimant argues the Board erred in reversing the award of unreasonable contest attorney fees.

## III. Discussion

Claimant first contends the Board erred in concluding that the WCJ's decision was not well reasoned regarding Employer's argument of an unfair process. Specifically, Claimant asserts the WCJ properly managed the parties' evidentiary submissions.

---

[2] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

Section 131.1(a) of the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges (Special Rules) provides that the purpose of the Special Rules is to promote, consistent with fairness and due process, the orderly and expeditious disposition of proceedings before WCJs, and to implement the remedial intent of the Act. 34 Pa. Code §131.1(a). The Special Rules provide that a WCJ may, for good cause, waive or modify certain provisions upon a motion by a party, agreement of the parties, or upon the WCJ's own motion. 34 Pa. Code §131.3(a).

Relevant here, a WCJ may require the parties to submit proposed findings of fact and conclusions of law, memoranda or legal briefs for review and consideration. 34 Pa. Code §131.101(a). Thus, Claimant asserts the submission of briefs, including the authority to accept an untimely brief, is discretionary. Here, the WCJ, at the only, short hearing in February 2017, directed the parties to submit briefs and evidence in three months, by May 27, 2017. Specifically, the WCJ stated: "I put in for a recent hearing on May 27, 2017, at which time the record will close …. I caution the parties, get your evidence submitted into [WCAIS] by that time. Anything submitted after that date will be deleted from the system." N.T. at 5.

Claimant points out that although Employer received his brief and evidence on June 2, 2017, Employer made no attempt to submit any rebuttal evidence prior to the circulation of the WCJ's decision in August 2017. Instead, Employer filed a response on June 2 objecting to Claimant's submission of his brief and evidence on that date. However, Claimant continues, Employer did not state it

7

suffered any prejudice or harm. Further, Employer did not indicate it wished to submit any evidence.

Therefore, because Employer's objection presented no substantive reason why the WCJ should not have admitted Claimant's brief and evidence, Claimant asserts the WCJ acted within his authority and discretion in denying Employer's objection. Thus, Claimant argues, had Employer established a true deprivation of due process or judicial courtesy, the WCJ might have erred in denying the objection. However, Employer failed to establish any substantive basis for its objection.

In support of his position, Claimant cites City of Philadelphia v. Workers' Compensation Appeal Board (Rooney), 730 A.2d 1051 (Pa. Cmwlth. 1999), where this Court determined the WCJ did not abuse his discretion in denying the employer's request for a continuance and closing the record where the employer was unprepared on two occasions to participate in scheduled WCJ hearings. In Rooney, the employer acknowledged that its failure to receive notice of the hearings was not attributable to the claimant or the WCJ, but rather to its decision to change counsel. The employer also failed to depose its medical witness by the imposed deadline despite being warned by the WCJ that failure to do so would result in the record being closed.

Here, Claimant asserts, Employer appealed to the Board based on its contention that the WCJ should have denied Claimant's penalty petition because he filed his brief and evidence three days late. The Special Rules, however, provide the

8

WCJ with significant discretion over deadlines and submissions. Accordingly, Claimant argues the WCJ's acceptance of his brief and evidence fell within the WCJ's discretion and did not prejudice Employer in any way.

Therefore, Claimant contends the Board's conclusion that the WCJ denied Employer a reasonable opportunity to defend in the penalty petition disregards the fact that Employer had every opportunity, before and after the WCJ's deadline, to present evidence in its own defense. Claimant contends the Board's unwarranted invasion on the WCJ's discretion amounted to clear and reversible error.

Notably, Claimant now abandons his "recent increase" assertion as the basis for the large discrepancy for Percocet pills provided by Pharmacy and the amount approved in the 2016 UR Determination. Claimant now argues that it subsequently "became apparent that the UR consideration of Percocet 10/325 milligrams four times daily (120 pills per month) was incorrect, and Pharmacy's printouts indicate that Claimant has been prescribed 240 Percocet per month since at least April 2013." Br. of Pet'r at 8.

## 1. Analysis

A claimant who files a penalty petition has the initial burden of proving a violation of the Act occurred. Gumm v. Workers' Comp. Appeal Bd. (J. Allan Steel), 942 A.2d 222 (Pa. Cmwlth. 2008). If the claimant establishes a *prima facie* case, the burden then shifts to the employer to prove it did not commit the violation. Id.

9

Claimant, the burdened party, submitted evidence after the record closed and after Employer's brief was already filed. Included in the Claimant's late submission was the 2016 UR Determination, which Claimant now insists incorrectly established the acceptable level of Percocet medication. At the time, Claimant offered an inaccurate assertion explaining the discrepancy, an assertion the WCJ accepted. At the very least, the WCJ's fact-finding based on the now-abandoned and unsupported assertion of "recent increase" is not based on substantial evidence. See F.F. No. 11.

Regarding the WCJ's unexplained decision to extend the filing deadline for Claimant but not offer the same courtesy to Employer, we acknowledge that the WCJ may exercise discretion. However, that discretion is not unfettered, and there must be a sufficient explanation of the exercise of discretion as to enable appellate review.

Here, there is no explanation. Claimant offers no cause for his out-of-time filing, much less good cause, and the WCJ does not offer any reason for his ruling. Moreover, no one disputes that Employer did not have an opportunity within the open-record period to examine Claimant's proposed exhibits or address them in its timely brief. In the absence of an order from the WCJ changing his previously imposed deadlines, we reject Claimant's assertion that Employer somehow had every opportunity, even after the deadlines, to present evidence.

The lack of an open-record period to rebut Claimant's late evidence is particularly troublesome in this case, where Claimant offered an exhibit he now

argues is incorrect. Moreover, Claimant's current theory of an inadvertent mistake in the 2016 UR Determination does not seem supported on the face of the Determination. The Determination specifically emphasizes and repeats the level of Percocet medication under review. R.R. at 11a, 13a. Further, no effort has been made by anyone to evaluate the accuracy of Pharmacy's records, on which the WCJ's decision was based and penalty awarded. In order to properly resolve this dispute, more credible information is needed beyond Claimant's shifting explanations. For these reasons, we agree with the Board's primary determination that Employer did not receive all process due in this penalty petition proceeding. In short, due process requires that a party have an opportunity to present its case. Rooney.

Because of the way in which this matter proceeded, a remand to afford Employer a fair opportunity to address Claimant's evidence is necessary. Thus, we affirm the Board's decision reversing both the penalty award and the award of unreasonable contest attorney fees, subject to further decision-making on a more balanced record.

As to the proper petition to be filed, we reject the Board's discussion in this regard. While input from the provider, Pharmacy, would be important here, and a fee review petition would be a logical way to proceed in this case, there is some authority suggesting a penalty petition can be appropriate in certain circumstances. See Selective Ins. Co. of Am. v. Bureau of Workers' Comp. Fee Review Hearing Office (The Physical Therapy Inst.), 86 A.3d 300, 305 n. 9 (Pa. Cmwlth. 2014). However, because the issue of the appropriate petition was not fully developed by

the parties or addressed by the WCJ, we conclude that issue was not preserved for decision by the Board or by this Court.

In accord with the foregoing discussion, we affirm the order of the Board to the extent that it found fault with the fairness of the proceeding before the WCJ, thereby requiring reversal of the penalty award and the award of unreasonable contest attorney fees. We remand the matter to the Board, for subsequent remand to a WCJ, for proceedings consistent with this opinion. We leave to the inital discretion of the factfinder the scope of additional evidence and issues to be considered in order to proceed in a fair and impartial manner.

_____
ROBERT SIMPSON, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodger Williams,                          :
                    Petitioner            :
                                          :
        v.                                :        No. 867 C.D. 2018
                                          :
Workers' Compensation Appeal              :
Board (Liberty Coating Company,           :
LLC),                                     :
                    Respondent            :

## O R D E R

**AND NOW**, this 18th day of January, 2019, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED**. In addition, the case is **REMANDED** to the Workers' Compensation Appeal Board for further **REMAND** to a Workers' Compensation Judge for proceedings consistent with the foregoing Opinion. Jurisdiction is relinquished.


                                    _____
                                    ROBERT SIMPSON, Judge